UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-570-JST (ANx)                                      Date:  August 29, 2012

Title:  Lehman Commercial Paper, Inc. v. Fidelity National Title Insurance Co.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                             Not Present

**PROCEEDINGS:** (IN CHAMBERS)  ORDER (1) TO SHOW CAUSE WHY FIDELITY NATIONAL TITLE INSURANCE COMPANY'S THIRD-PARTY IMPLEADER COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION, AND (2) VACATING FIRST AMERICAN'S MOTION (DOC. 22) SET FOR AUGUST 31, 2012 AT 2:30 P.M.

Plaintiff Lehman Commercial Paper, Inc. ("Lehman") filed a complaint against Defendant Fidelity National Title Insurance Company ("Fidelity") on April 13, 2012, asserting jurisdiction on the basis of diversity.  (Doc. 1 ¶ 4.)  Fidelity then filed a Third Party Impleader Complaint against Third-Party Defendant First American Title Insurance Company ("First American") pursuant to Federal Rule of Civil Procedure 14(a) on May 31, 2012.  (Doc. 15.)  On July 20, 2012, First American filed a Motion to Dismiss Third-Party Impleader Complaint.  (Doc. 22.)  However, it appears that the Court may lack subject matter jurisdiction over the third-party impleader complaint.  Jurisdiction has been asserted on the basis of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). (Doc. 15 ¶ 8.)  However, the supplemental jurisdiction statute does not grant district courts jurisdiction over third-party impleader actions under Rule 14 when the only basis for subject-matter jurisdiction in the underlying action is diversity jurisdiction:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-570-JST (ANx)                                    Date:  August 29, 2012

Title:  Lehman Commercial Paper, Inc. v. Fidelity National Title Insurance Co.

plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C.A. § 1367(b).

Because Fidelity and First American are both citizens of California, (*see* Doc. 15 ¶¶ 1, 2), "exercising supplemental jurisdiction" over the third-party impleader complaint "would be inconsistent with" diversity jurisdiction.  28 U.S.C.A. § 1367(b).  Because Lehman's claim is in federal court solely on the basis of diversity jurisdiction, Section 1367(b) precludes this Court from exercising supplemental jurisdiction over Fidelity's third-party impleader complaint.

Accordingly, the Court VACATES First American's Motion to Dismiss (Doc. 22) and orders the hearing set for August 31, 2012, at 2:30 p.m. taken off calendar, and further ORDERS Fidelity to show cause in writing no later than **September 6, 2012**, why its Third Party Impleader Complaint should not be dismissed for lack of subject-matter jurisdiction.  Failure to respond by the above date will result in the Court dismissing the Third Party Impleader Complaint.

Initials of Preparer:  enm