```
THOMAS E. GIBBS (BAR NO. 93819)
BRIAN R. BAUER (BAR NO. 238368)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone: (949) 553-1313
Fax:   (949) 553-8354
E-Mail: tgibbs@allenmatkins.com
        bbauer@allenmatkins.com

Attorneys for Plaintiff
LEHMAN COMMERCIAL PAPER INC.
```

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG - 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| LEHMAN COMMERCIAL PAPER INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation,<br><br>Defendant.<br><br>AND RELATED THIRD-PARTY ACTION. | Case No. SACV 12-00570-JST (ANx)<br><br>[PROPOSED] **ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** |

Plaintiff Lehman Commercial Paper, Inc. ("LCPI"), Defendant and Third-Party Plaintiff Fidelity National Title Insurance Company ("Fidelity") and Third-Party Defendant First American Title Insurance Company ("First American"), by and through their respective counsel of record, hereby stipulate to, and request that the Court enter, the following Stipulated Order Governing the Designation and Handling of Confidential Materials (the "Order"):

**1. PURPOSES AND LIMITATIONS.**

Discovery activity in this action may involve production of confidential, proprietary, competitively sensitive, or private information for which special protection

from public disclosure or use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter this Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.

2. **DEFINITIONS.**

    2.1   "Challenging Party": A Party or Non-Party that challenges the designation of information or items under this Order.

    2.2   "Confidential Information": Information or tangible documents or things (regardless of how generated, stored or maintained) that contain confidential, proprietary, or competitively sensitive information or otherwise qualify for protection against disclosure or use under federal law and any other applicable law, that may be designated as "CONFIDENTIAL."

    2.3   "Counsel": Outside Counsel.

    2.4   "Designating Party": A party or non-party that designates information or items as "CONFIDENTIAL."

    2.5   "Discovery Material": All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in responses to discovery in this matter.

    2.6   "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Named Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a competitor of a Named Party, and (3) at the time of retention, is not anticipated to become an employee of a competitor of a Named Party.

    2.7   "Named Party": LCPI, Fidelity and First American or any one or more of them.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

-2-

ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

2.8 "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 "Outside Counsel": attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action, along with such attorneys' support staff.

2.10 "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.11 "Producing Party": a Party or Non-Party that produces Discovery Material in this action.

2.12 "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 "Designated Material": any Discovery Material or other Confidential Information that is designated as "CONFIDENTIAL."

2.14 "Receiving Party": a Party that receives Discovery Material from a Producing Party.

3. **SCOPE.**

The protections conferred by this Order cover all Designated Material (as defined above), and (1) any information copied or extracted from Designated Material; (2) all copies, excerpts, summaries, or compilations of Designated Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Designated Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

-3-
ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Designated Material at trial shall be governed by a separate agreement or order.

4. **DURATION.**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING DESIGNATED MATERIAL.**

5.1 **Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. **Any Party May Designate Information Produced by Other Party.** Any Party may designate information or documents disclosed by another Party or Non-Party in response to written discovery as "CONFIDENTIAL" pursuant to this

Order by so indicating in writing within 21 days after receipt of said information or documents, providing an identification by relevant document numbers or other means of the document or information (or portion thereof) to be so designated. The parties shall treat all documents and written discovery responses received as "CONFIDENTIAL" until 21 days after receipt of the documents or discovery responses.

5.3 **Manner and Timing of Designations.** Discovery Material that qualifies for protection under this Order must be clearly so designated. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Designated Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (e.g., by making appropriate markings in the margins).

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

-5-
ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

    (b)   <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

    (c)   <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.4   **Failures to Designate is Not Waiver**. An inadvertent failure to designate material as "CONFIDENTIAL" using the procedures described above shall not operate to waive a Party's or Non-Party's right to later so designate such material. Once such designation is made by written notice, Counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control as "CONFIDENTIAL" in accordance with this Order. In the event that there is an interval between the written notice and the provision of new copies of properly marked materials, all parties who received the material at issue shall treat those documents identified in the written notice according to their new designations until such time as the properly marked materials are received.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

    6.1   **Timing of Challenges**. Any Party or Non-Party may challenge a "CONFIDENTIAL" designation at any time. Unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" designation.

    6.2   **Meet and Confer**. To challenge a "CONFIDENTIAL" designation, the Challenging Party shall initiate the dispute resolution process by providing the Designating Party and the Named Parties with written notice of each designation at

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

-6-
ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

issue which describes the basis for each challenge. Within 7 days of receipt of said notice, the Designating Party shall provide the basis for the "CONFIDENTIAL" designation to the Challenging Parties and the Named Parties. The parties shall attempt to resolve each challenge in good faith by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to do so in a timely manner.

6.3 **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion for a protective order to retain confidentiality, pursuant to F.R.C.P. Rule 37, within 28 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 28 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all

LAW OFFICES
.llen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

-7-
ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

parties shall continue to afford the material in question the confidentiality requested until the court rules on the challenge.

7. **ACCESS TO AND USE OF DESIGNATED MATERIAL.**

    7.1 **Basic Principles**. A Receiving Party may use Designated Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Designated Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below.

    7.2 **Disclosure of CONFIDENTIAL Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Designated Material only to the following persons. All, except for those under subsections (d) and (e) below, must receive a copy of this Order and agree to be bound by its terms:

    (a) the Receiving Party's insurers and Counsel in this action, as well as Counsel's employees to whom it is reasonably necessary to disclose the information for this litigation.

    (b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (d) the court and its personnel;

    (e) court reporters and videographers and their staff,

    (f) professional jury or trial consultants, and professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (g) witnesses in deposition to whom disclosure is reasonably necessary for this litigation. Deposition transcript pages that reflect Designated

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

-8-
ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

## 8. DESIGNATED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Designated Material that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Designated Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce the Designated Material before a determination by the court that the Designated Materials must be produced. The Designating Party shall bear the burden and expense of seeking protection, and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

## 9. DESIGNATED MATERIAL FROM A NON-PARTY.

(a) The terms of this Order and the available remedies and relief set forth herein are applicable to Designated Material of a Non-Party.

(b) In the event a party is required to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce that Confidential Information, then the Party shall:

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

-9-
ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

1. promptly notify the Requesting Party and the Non-Party in writing of this issue;

2. promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, then the Responding Party must produce the Non-Party's Confidential Information responsive to the discovery request.

(d) A Non-Party from which discovery is sought may obtain the protection afforded by the Order, and shall be informed of same by the Requesting Party at the time the discovery request is made upon said Non-Party.

## 10. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person not authorized herein, it must immediately: (a) notify the Designating Party in writing what was disclosed and to whom; (b) use it best efforts to retrieve all Designated Materials improperly disseminated, including all copies; (c) inform the person(s) to whom such unauthorized disclosures were made of all of the terms of this Order, and (d) request such person(s) to execute the "Acknowledgment and Agreement to be Bound" attached as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

The inadvertent disclosure of a document that a producing party believes is subject to privilege or work product protection shall not constitute a waiver or estoppel of any such privilege or protection. In the event of such inadvertent disclosure, the producing party may provide written notice of same and request that

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

-10-
ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

all copies of any such documents be returned, whereupon the Receiving Party shall return all copies of such documents, delete them from its files, destroy all notes or other work product that reflect them, and shall not use the documents in any way. The written notice shall include a privilege log for each document for which privilege or work product is claimed. The Receiving Party may challenge this privilege designation by noticed motion.

**12. FILING DESIGNATED MATERIAL IN COURT.**

    12.1 **Filing Designated Materials in Non-Discovery Matters.** In connection with all legal proceedings (including discovery proceedings before the court) as to which a party submits Designated Material to the court, that party shall be filed under seal and in compliance with Central District of California Local Rule 79-5.

    12.2 This Order does not govern the treatment of Designated Material at trial, which shall be raised by the parties but separately addressed by the Court.

**13. MISCELLANEOUS.**

    13.1 **Right to Further Relief.** Nothing in the Order abridges the right of any person to seek its modification by the court in the future.

    13.2 **Right to Assert Other Objections.** By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**14. FINAL DISPOSITION.**

    Following the final disposition of this action, each Receiving Party may retain file, storage or archive copies of Designated Material only subject to and in accordance with the provisions of this Order. Each Receiving Party must take reasonable steps to collect any additional copies of Designated Material and either destroy or return such copies to the Producing Party.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

-11-
ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June ____, 2013

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
THOMAS E. GIBBS
BRIAN R. BAUER

By: _____
    BRIAN R. BAUER
    Attorneys for Plaintiff LEHMAN
    COMMERCIAL PAPER INC.

Dated: June ____, 2013

HENNELLY & GROSSFELD LLP

By: _____
    MICHAEL G. KING
    RONALD K. GILLER
    Attorneys for Defendant and Third-
    Party Plaintiff FIDELITY
    NATIONAL TITLE INSURANCE
    COMPANY

Dated: June ____, 2013

DLA PIPER LLP (US)

By: _____
    WILLIAM P. DONOVAN, JR.
    RACHEL E.K. LOWE
    Attorneys for Third-Party Defendant
    FIRST AMERICAN TITLE
    INSURANCE COMPANY

## ORDER

IT IS SO ORDERED.

Dated: August 9, 2013

_____
ARTHUR NAKAZATO,
Magistrate Judge, United States District
Court, Central District of California,
Santa Ana Division

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

-12-
ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Order Governing the Designation and Handling of Confidential Materials ("Order") that was issued by the United States District Court for the Central District of California on [date] in the case of <u>Lehman Commercial Paper Inc., etc., v. Fidelity National Title Insurance Company, etc.</u>, United States District Court, Central District of California, Santa Ana Division, Case No. SACV 12-00570-JST (ANx). I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Executed this ___ day of _____, 201___ at _____, _____.

Printed name: _____
                [printed name]
Signature: _____
                [signature]

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

975651.02/OC

ORDER GOVERNING THE DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS (SACV 12-00570-JST)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that: I am over the age of eighteen (18) and not a party to the within action. I am employed in the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

On August 9, 2013, I used the Central District of California's Electronic Case Filing System, with the ECF registered to Thomas E. Gibbs to file the following document:

**[PROPOSED] ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**

The ECF system is designed to send an e-mail message to all parties in the case, which constitutes service. The parties by e-mail in this case are found on the Court's Electronic Mail Notice List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9, 2013, at Irvine, California.

By: _____/s/Thomas E. Gibbs_____
THOMAS E. GIBBS